### DICK JACKSON, JR., v. THE STATE.

No. 2584. Decided June 25, 1913.

**1.—Murder—Manslaughter—General Objections.**

Where the objections raised in defendant's motion for new trial were too general to require this court to consider them, there was no error.

**2.—Same—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of murder and a conviction of manslaughter, the evidence sustained the conviction under a proper charge of the court, there was no error.

Appeal from the District Court of Waller. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—From a conviction of manslaughter this appeal is prosecuted. There is no bill of exception in the record other than to the overruling of appellant's motion for new trial.

In his motion for new trial he claims: (1) The verdict is contrary to the law and the testimony; (2) the court failed to charge all the law of self-defense; (3) the court erred in failing to charge as to the defendant's knowledge of the deceased's character and disposition of the deceased from what occurred just prior to the killing; (4) because of newly discovered evidence; (5) the court failed to charge as to threats and condition of the deceased, the proof showing him to be boisterous and under influence of liquor and of following defendant up in the night-time and renewing the difficulty; (6) the court failed to instruct the jury on deceased taking defendant's money without consent of defendant.

Under the uniform decisions of this court all these complaints are too general to require the court to consider them. They point out no specific error.

The evidence is amply sufficient to not only sustain the conviction for manslaughter, but of a higher offense. No error is pointed out in the complaint that the court failed to charge all of the law of self-defense. Nothing in the evidence called for a charge by the court as to defendant's knowledge of deceased's character and disposition. No newly discovered evidence whatever is contained in the record. No threats are shown to have been made by deceased against appellant at any time. It does show that he was drunk and somewhat boisterous as well as others, but nothing of that kind gave the appellant the right to kill him or showed any occasion therefor on that account. What charge appellant wanted on deceased taking appellant's money without his consent is not pointed out. Whatever of this occurred, was some minutes before the killing and not any defense or claimed defense on that account. Appellant's only defense was self-defense. The great preponderance of the evidence was against him on this issue. The court submitted the question to the jury and they found against him on that account. No error is shown in the record and the judgment will be affirmed.

*Affirmed.*